# UNITED STATES DISTRICT COURT
для
Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| Tyler Thomas | ) | 1:25-mj-139-MG |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  7/4/2024 - 7/14/2024  in the county of  Rush  in the
Southern District of  Indiana , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2251(a) and (e), 2252(a)(2) and (b)(1), 2252A(a)(5)(B) and (b)(2), 2260A | Sexual Exploitation of Minor Victim 1, Receipt of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct, Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, Penalties for Registered Sex Offenders |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

/s/ Andrew Willmann
*Complainant's signature*

Andrew Willmann
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by
  telephone           *(reliable electronic means)*

Date: 2/13/25

City and state:  Indianapolis, IN

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

## AFFIDAVIT IN SUPPORT OF AN
## APPLICATION FOR A COMPLAINT AFFIDAVIT
## AND AN ARREST WARRANT

I, Special Agent Andrew D. Willmann, being duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. **Affiant**: I have been employed as a special agent of the Federal Bureau of Investigation (FBI) since June 2014, and am currently assigned to Indianapolis Division Child Exploitation and Human Trafficking Task Force. While employed by the FBI, I have investigated federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have gained experience through training at the FBI Academy and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. I have attended and presented at the Dallas Crimes Against Children Conference as well as the Department of Justice's National Law Enforcement Training on Child Exploitation. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, 2252A, 2242, and 2243, and I am authorized by law to request an arrest warrant.

1

2. **Requested Action:** This Affidavit is submitted in support of an application for a criminal complaint and arrest warrant for Tyler **THOMAS**, date of birth XX-XX-19XX (known, but redacted), who is the resident located at an address located on 330 E 10th Street Rushville, IN 46173 (known, but redacted and hereinafter the "SUBJECT PREMISES") for violations and attempted violations of:

    a. **Count 1: Sexual Exploitation of Minor Victim 1**, in violation of Title 18, United States Code, Section 2251(a) and (e), on or about July 4, 2024;

    b. **Count 2: Receipt of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct**, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1), on or about July 14, 2024.

    c. **Count 3: Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), between on or about July 4, 2024, and on or about July 14, 2024; and

    d. **Count 4: Penalties for Registered Sex Offenders**: Committing an offense of Sexual Exploitation of a Minor while **THOMAS** was required to register as a sex offender, in violation Title 18, United States Code, Section 2260A, on or about July 4, 2024.

3. The statements contained in this affidavit are based in part on information provided by U.S. federal law enforcement agents and state and local law

enforcement officers; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcements officers; information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law enforcement agents; independent investigation and analysis by law enforcement agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent. Since this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant, I have not included every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish that **THOMAS** has violated or attempted to violate Title 18, United States Code, Sections 2251(a) and (e), 2252(a)(2) and (b)(1), 2252A(a)(5)(B) and (b)(2), and 2260A.

## STATUTORY AUTHORITY

4. As noted above, this investigation concerns alleged violations of the following Subject Offenses:

    a. 18 U.S.C. § 2251(a) and (e) prohibit any person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in, or having a minor assist any other person to engage in, or transporting any in or affecting interstate or foreign commerce with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility

3

of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; or if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed; or attempting or conspiring to do so.

  b. 18 U.S.C. § 2252(a)(2) and (b)(1) prohibits knowingly receiving any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct;

  c. 18 U.S.C. § 2252A(a)(5)(B) prohibits any person from knowingly possessing, or knowingly accessing with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting

4

interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

    d.    18 U.S.C. § 2260A states: Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 2251, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

## BACKGROUND OF THE INVESTIGATION AND PROBABLE CAUSE

6.    Based on my training and experience, and the facts as set forth below in this Affidavit, there is probable cause to believe that **TYLER THOMAS (THOMAS)** DOB xx-xx-xxxx (known to Affiant, but redacted), the resident located at 330 E 10th Street, Rushville, IN 46173, has committed the offenses set forth above in the Southern District of Indiana and elsewhere.

7.    This Affiant learned the following information: On or about September 17, 2024, the Rushville Police Department received a report that **THOMAS** had attempted to arrange a meeting with an unknown minor female for the purpose of having sex with the unknown minor female.

8.    According to criminal history records, **THOMAS** was previously convicted of Sexual Misconduct with a Minor on or about November 11, 2016, in Rush County,

Indiana and sentenced to three years in prison with one year suspended. As a result, **THOMAS** was required to register as a sex offender for life—which includes the time in which he sexually exploited Minor Victim 1 as described below.

9. A known adult female (WITNESS 1) showed officers of the Rushville Police Department a screen shot images of a Snapchat conversation between an unknown minor female and **THOMAS**. An officer familiar with **THOMAS** reviewed the conversation. In it, the officer located a "selfie" image depicting **THOMAS**, a message requesting to see the unknown minor female's "butt," and a request for the unknown minor female to sneak out of her home to meet **THOMAS**. The officer was familiar with **THOMAS** and knew **THOMAS** from the Rush County sex offender registry. The officer identified **THOMAS** as the subject of the picture and the likely user of the "stonnerdaddy" account.

10. Through further investigation, the Rushville Police Department learned that the unknown minor female was actually an adult female (WITNESS 2) pretending to be a minor female on the social media platform Snapchat. A Rushville Police Officer interviewed WITNESS 2. According to WITNESS 2, WITNESS 2 reported that in approximately August 2024, a person that she did not know added her on Snapchat using the quick add feature on the platform.

11. WITNESS 2 reported that she told the unknown person that she was 12 years old hoping that he would stop messaging her. The unknown person continued to message WITNESS 2 and asked to meet with her. The unknown person also requested to see pictures of WITNESS 2's "butt."

12. WITNESS 2 allowed officers to review her Snapchat account. Officers located messages between WITNESS 2 and the Snapchat account "stonnerdaddy." WITNESS 2 confirmed that the "stonnerdaddy" account was the account used by the unknown person.

13. On or about September 25, 2024, a Rushville Police Officer applied for and received a search warrant for the Snapchat account "stonnerdaddy" to obtain subscriber information, content, message content, photos, videos, stories, memories, chats, logs, and other data.

14. On or about October 2, 2024, the Rushville Police Officer received information from Snapchat. No name, phone number, or email address was associated with the "stonnerdaddy" Snapchat account. However, the latitude and longitudes detailing where the access to the account originated was longitude: -85.440788, latitude: 39.617463. The Rushville Police Officer determined that the latitude and longitude locations were located at the SUBJECT PREMISES.

15. Additionally, the user of the "stonnerdaddy" account sent a message stating that he was **THOMAS** in a message to another Snapchat user. Several photos sent by the user of the "stonnerdaddy" account to other accounts depicted "selfie" images of **THOMAS**. Accordingly, I believe based on the above and below information, that the user of the "stonnerdaddy" account is **THOMAS**.

### Minor Victim 1

16. After reviewing the search warrant return for the "stonnerdaddy" account, officers discovered that on or about July 14, 2024, the user of the "stonnerdaddy"

7

account received approximately 21 media files from the user of a known Snapchat account. The Snapchat account belonged to a known minor female (MINOR VICTIM 1). MINOR VICTIM 1's mother confirmed that the Snapchat account belonged to MINOR VICTIM 1. MINOR VICTIM 1 was a 17-year-old female residing in Cleveland, Tennessee. No written messages were included with the media files.

17.     On or about July 14, 2024, MINOR VICTIM 1 sent a video file to the Snapchat account "stonnerdaddy" (**THOMAS**). The video file lasted approximately three seconds. The video file name ended in EiQSFTRlV2pCOHpGRDVlUjk3MDlKek4zcxoAGgAyAQRIAlAEYAE~v4.mp4 and depicted MINOR VICTIM 1 masturbating with a pink spray bottle. MINOR VICTIM 1's vagina and hand are the focal points of the video. MINOR VICTIM 1's face was not visible. She was wearing a pink shirt and had blue painted fingernails. A blue bedsheet is visible in the background. This is part of the basis for COUNTS 2 and 3.

18.     Through my training and experience, this affiant believes this video constitutes child pornography as defined in 18 U.S.C. § 2256.

19.     On or about July 14, 2024, MINOR VICTIM 1 sent a video file to the Snapchat account "stonnerdaddy". The video file lasted approximately five seconds. The video file name ended in EiQSFVJJMDFjanFLRlA2aGU0ZHgwMWluMxoAGgAyAQRIAlAEYAE~v4.mp4 and depicted MINOR VICTIM 1 masturbating with her fingers inside her vagina. MINOR VICTIM 1's hand, fingers and vagina are the focal points of the video. Her face was not visible. Her fingernails were painted blue. MINOR VICTIM 1's vagina is clearly visible.

8

A blue bedsheet is visible in the background. This is part of the basis for COUNTS 2 and 3.

20. Through my training and experience, this affiant believes this video constitutes child pornography as defined in 18 U.S.C. § 2556.

21. On or about September 3, 2024, the user of "stonnerdaddy" Snapchat account (**THOMAS**), sent multiple photos of nude females to the account "stonerking12121", including the above-mentioned video files. The display name of "stonerking12121" was "Jay". The display name of "stonnerdaddy" was 😑jay😑.

22. Additionally, upon further review of the "stonnerdaddy" account, the Rushville Police Department discovered that a third Snapchat account, "emilyjames7170" had distributed child pornography to **THOMAS**' "stonnerdaddy" account, and that the same IP address was used to access both accounts and was located at the SUBJECT PREMISES.

23. On or about October 21, 2024, the Rushville Police Department served a search warrant to Snapchat for the accounts "stonerking12121", "emilyjames7170"[1] and other associated accounts. Snapchat provided returns for "stonerking12121", "emilyjames7170", and the associated accounts.

24. As set forth above, as officers reviewed the Snapchat account of "emilyjames7170", they learned the IP address 174.182.94.38 was used to access the account. That IP address was also used to access the "stonerking12121" and "stonnerdaddy" accounts. The date of birth used to register the "emilyjames7170"

---

1 See below for additional information on this account.

9

account used the same month and date of **THOMAS**' actual date of birth. The user of "emilyjames7170" account also sent multiple media files to the user of "stonnerdaddy" depicting suspected child pornography.

25. Based on my training and experience and the facts presented here including; the common IP address usage, communication with the same people on multiple accounts, subscriber information that is associated with **THOMAS'** actual date of birth, and media files transferred between accounts, I believe the user of the "stonnerdaddy", "stonerking12121", and "emilyjames7170" to be the same person. I also believe that person to be **THOMAS.**

26. As investigators reviewed the "emilyjames7170" account, they saw that on or about July 3, 2024, **THOMAS**, using "emilyjames7170" sent messages to MINOR VICTIM 1. **THOMAS**, using "emilyjames7170" asked MINOR VICTIM 1 her age. MINOR VICTIM 1 responded with the number 16.

27. During the conversation, the user of "emilyjames7170" (**THOMAS**) sent MINOR VICTIM 1 two videos depicting acts of bestiality. **THOMAS**, using "emilyjames7170" then asked MINOR VICTIM 1 to perform sexual acts with a dog by manually rubbing the dog's penis.

28. On or about July 4, 2024, the user of the Snapchat account "emilyjames7170" sent a video file to the user of "stonnerdaddy". The video file appeared to be a screen recording of a chat with MINOR VICTIM 1.

29. The video file name ending in EiQSFVFNbkp4cWJCc0NHa1BtWTAxbkRlNBoAGgAyAQNIAlAEYAE~v4.mp4 first

depicted a chat message from MINOR VICTIM 1 being opened. Then, the video showed what appears to be MINOR VICTIM 1's hand stimulating the penis of an unidentified animal. The background of the video depicted the same blue bedsheet seen in the videos of MINOR VICTIM 1 (described above). MINOR VICTIM 1's name is shown at the bottom of the video in a chat window. The video matched the acts that the **THOMAS**, using "emilyjames7170" asked MINOR VICTIM 1 to perform.

30. Based on my training and experience and the facts presented above. I believe that the user of "emilyjames7170" (**THOMAS**) knowingly employed, persuaded, induced, and enticed MINOR VICTIM 1 to produce a video of herself performing a sexual act on an animal, which constitutes child pornography under Title 18, United States Code, Section 2256. I further believe that he forwarded that video to his other account, "stonnerdaddy." This is part of the basis for COUNT 1.

31. I further believe that on or about July 14, 2024, **THOMAS,** knowing that MINOR VICTIM 1 was a minor via the message she sent stating that she was 16, knowingly received the videos described in paragraphs 18 and 20 via THOMAS' "stonnerdaddy" account, and then saved and possessed those videos on the "stonnerdaddy" account. As set forth in paragraphs 18 and 20, the videos depicted MINOR VICTIM 1 engaged in sexually explicit conduct. This is part of the basis for COUNTS 2 and 3.

### Minor Victim 2

32. On or about July 6, 2024, the user of a known Snapchat account (KNOWN ACCOUNT 1) sent an image file of an unknown minor female (MINOR VICTIM 2) to

the user of the "emilyjames7170" (**THOMAS**).[2] The user of KNOWN ACCOUNT 1 claimed the image file depicted his twelve-year-old sister. The user of KNOWN ACCOUNT 1 provided a name and Snapchat account of MINOR VICTIM 2 to **THOMAS,** the user of "emilyjames7170". After the user of KNOWN ACCOUNT 1 sent pictures of other unknown nude females, **THOMAS,** the user of "emilyjames7170" sent the message, "I wanna see young girls not adults."

33. The chat between the user of KNOWN ACCOUNT 1 and **THOMAS**, who was using the account "emilyjames7170" appears to show that the user of KNOWN ACCOUNT 1 distributed the image file described below in paragraph 35 to **THOMAS**. The user of KNOWN ACCOUNT 1 did not appear to be MINOR VICTIM 2. This affiant is not currently aware of how the user of KNOWN ACCOUNT 1 came into possession of the image file, and the investigation continues.

34. The image file name ending in EiQSFTBnbmptNnEybkFsdWpoakdzdW5WQRoAGgAyAQNIAlAEYAE~v4.jpeg depicted a nude minor female between the ages of 12 and 14 years old (MINOR VICTIM 2). MINOR VICTIM 2 was standing in front of a grey and white striped bathroom curtain. MINOR VICTIM 2 is fully nude with her foot on a bathroom countertop. Her vagina and breasts are clearly visible. She appears to be taking the photograph of herself in a bathroom mirror with a cellular telephone. Through my training and experience, this affiant believes this image constitutes child pornography as defined in 18 U.S.C. § 2556.

---

[2] Law enforcement is working to identify Minor Victim 2.

12

35. The next day (July 7, 2024) and having received the above file from KNOWN ACCOUNT 1, **THOMAS,** the user of "emilyjames7170" contacted MINOR VICTIM 2 on Snapchat directly. During that chat communication, MINOR VICTIM 2 claimed to be 13 years old. THOMAS, using "emilyjames7170" sent the file described in paragraph 35 that he had received from KNOWN ACCOUNT 1 to MINOR VICTIM 2 and requested to see her "butt". MINOR VICTIM 2 ceased communicating with "emilyjames7170" after receiving the image.

36. I believe that the chats set forth above show that **THOMAS**, using "emilyjames7170" distributed the image file depicting MINOR VICTIM 2 to MINOR VICTIM 2 to solicit further communication with MINOR VICTIM 2, and potentially obtain child erotica (image of her "butt") of MINOR VICTIM 2. After MINOR VICTIM 2 ceased communicating with **THOMAS**, he sent MINOR VICTIM 2 the following messages:

   a. "I'm sorry tbh it looks nice"
   b. "U should be proud that your body looks that nice"
   c. "Do u wanna see a big dick??"
   d. "Please don't quit taking to me 😩😩"
   e. "U shouldn't delete snap u should just block who ever u sent them too"
   f. "Ima expose u to every one on my snap"

37. I believe that in the messaging, **THOMAS** attempted to extort MINOR VICTIM 2 by threatening to "expose" MINOR VICTIM 2 by sharing the image he received from KNOWN ACCOUNT 1 described in paragraph 35 to others on Snapchat.

Search Warrant at THOMAS' Residence

38. The accounts "stonnerdaddy", "stonerking12121", and "emilyjames7170" each were accessed using the IP address 174.182.94.38, which belongs to Comcast Cable Communications. The IP address 174.182.94.38 was used multiple times on each account.

39. The Rushville Police Department submitted a subpoena to Comcast Cable Communications for subscriber information for the IP address 174.182.94.88. On or about November 20, 2024, Comcast provided the following subscriber information:

   a. Christal Clapp

   b. 330 E 10th Street Rushville, IN 46173-1358

   c. 765-561-6682

   d. Account Number: 8529200810091117

40. Christal Clapp is **THOMAS**' mother.

41. **THOMAS** was a registered sex offender in Rush County, Indiana. **THOMAS** provided the address 330 E 10th Street, Rushville, IN 46173 (SUBJECT PREMISES) to the Rush County Sheriff's Office.

42. On or about November 4, 2024, the Rush County Sheriff's Office confirmed that **THOMAS** resided in the SUBJET PREMISES with his personal effects located inside the SUBJECT PREMISES in a bedroom.

43. Based on the above-mentioned facts and my training and experience, I believe **THOMAS** is the user of the "stonnerdaddy", "stonerking12121", and "emilyjames7170" Snapchat accounts and resided at the SUBJECT PREMISES.

14

44.     On or about February 11, 2025, search warrants issued in the Southern District of Indiana were served by law enforcement officers at 330 E 10th Street, Rushville, IN 46173 and on the person of **THOMAS**. During the execution of the search warrant, **THOMAS** and other witnesses were interviewed.

45.     Three Cash App Debit Cards with the label "$stonerking1997" and assigned to the user "Tyler Thomas" were in **THOMAS**' wallet during the search of his person.

46.     Multiple electronic devices were seized at 330 E 10th Street, Rushville, IN 46173. A forensic examination of the seized devices is pending. Additionally, law enforcement recovered a separate cellular device I believe belongs to **THOMAS** but was not on his person or at the SUBJECT PRESMISES and the FBI is seeking separate authority to search that device. The phone was found in the front passenger door pocket of the vehicle in which THOMAS rode to the Rush County Sheriff's Office. His brother (driver) consented to the search of the vehicle. His girlfriend described the phone as a blue phone with a gray and black case. That device was located in the vehicle.

### INTERVIEWS OF THOMAS AND OTHER WITNESSES

47.     On February 11, 2025, **THOMAS** was interviewed by this affiant and an officer from the Rushville Police Department. The interview was audio and video recorded. Upon being read his Miranda rights, **THOMAS** requested an attorney. Agents and officers ceased all questioning. Approximately 40 minutes after requesting an attorney, **THOMAS** requested that this affiant return. While still

being audio and video recorded, **THOMAS** requested to rescind his request for an attorney. This affiant then explained to **THOMAS** that law enforcement could no longer ask any questions. This affiant explained to **THOMAS** that it would take a while to complete the search warrant execution at his home and interview others involved to determine the owner of multiple Snapchat accounts. At that time **THOMAS** made the spontaneous utterance, "It was me. Okay, it was me. I have both of the accounts." This affiant instructed **THOMAS** that questions could not be asked after the utterance.

48.     **THOMAS**' adult brother (WITNESS 3) who is known to law enforcement was interviewed on February 11, 2025.  WITNESS 3 told investigators that **THOMAS** used the Snapchat account "stonnerdaddy". WITNESS 3 showed the account to this affiant using his cellular telephone.

49.     **THOMAS**' adult girlfriend (WITNESS 4) who is known to law enforcement was interviewed on February 11, 2025. WITNESS 4 told investigators that **THOMAS** used the Snapchat account "stonnerdaddy". WITNESS 4 showed the account to this affiant using her cellular telephone.

## CRIME COMMITTED WHILE THOMAS WAS A REGISTERED SEX OFFENDER

50.     On or about July 4, 2024, **THOMAS** committed the offense set forth in Count 1 while required to register as a sex offender as the result of being convicted of sexual misconduct with a minor on or about November 11, 2016. **(COUNT 4)**

51. **Interstate or foreign commerce**: The devices used to create and store the images and videos described above were manufactured outside of the State of Indiana or contain parts that were manufactured outside of the State of Indiana, and therefore, travelled in interstate or foreign commerce.

52. Snapchat is a facility of interstate commerce.

## CONCLUSION

53. Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that **TYLER THOMAS** has violated or attempted to violate the following offenses:

a. **Count 1: Sexual Exploitation of Minor Victim 1**, in violation of Title 18, United States Code, Section 2251(a) and (e), on or about July 4, 2024;

b. **Count 2: Receipt of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct**, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1), on or about July 14, 2024.

c. **Count 3**: **Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), between on or about July 4, 2024, and on or about July 14, 2024; and

    d.    **Count 4: Penalties for Registered Sex Offenders**: Committing an offense of Sexual Exploitation of a Minor while Tyler **THOMAS** was required to register as a sex offender, in violation Title 18, United States Code, Section 2260A, on or about July 4, 2024.

/s *Andrew Willmann*
Andrew Willmann
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Federal Rules of Criminal Procedure 4.1 and 41(d)(3) by telephone.

Date: February 13, 2025

2/13/2025



Mario Garcia
United States Magistrate Judge
Southern District of Indiana

18